IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joyce Faye Miles,<br><br>  Plaintiff,<br><br>v.<br><br>Thomas Suites Campus of Care LLC, et al.,<br><br>  Defendants. | No. CV-24-01286-PHX-JZB<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE STEPHEN M. MCNAMEE, SENIOR UNITED STATES DISTRICT JUDGE:

This Report and Recommendation is filed pursuant to General Order 21-25.[1] Pending before the Court is "Plaintiff's Motion for Entry of Default Judgment Against Defendants" ("Motion for Default Judgment"). (Doc. 15.) The Court will recommend that

---

[1] General Order 21-25 states in relevant part:

> When a United States Magistrate Judge to whom a civil action has been assigned pursuant to Local Rule 3.7(a)(1) considers dismissal to be appropriate but lacks the jurisdiction to do so under 28 U.S.C. § 636(c)(1) due to incomplete status of election by the parties to consent or not consent to the full authority of the Magistrate Judge,
>
> IT IS ORDERED that the Magistrate Judge will prepare a Report and Recommendation for the Chief United States District Judge or designee.
>
> IT IS FURTHER ORDERED designating the following District Court Judges to review and, if deemed suitable, to sign the order of dismissal on my behalf: Phoenix/Prescott: Senior United States District Judge Stephen M. McNamee[.]

Plaintiff's motion be granted.

**I.     Background.**

Plaintiff seeks damages for unpaid wages under the Fair Labor Standards Act ("FLSA"), the Arizona Minimum Wage Act ("AMWA"), and the Arizona Wage Act ("AWA") against Defendants Thomas Suites Campus of Care LLC, an Arizona limited liability company ("Thomas Suites"); New Life Wellness Center, LLC, an Arizona Limited Liability Company ("New Life"); and James Demasi and Jane Doe Demasi. (Doc. 1 at 3-5.)[2] Plaintiff alleges she was employed by Defendants as a food and beverage server beginning on or around August 23, 2023, was paid a $20 hourly rate, and worked between 28 and 35 hours per week. (*Id.* at 9.) She alleges she was not paid for the "final approximately 12 weeks of her employment[,]" which amounts to 300 hours of unpaid work. (Doc. 1 at 9.) She requests judgment in the amount of $18,000—an amount representing treble unpaid wages under the AWA—plus post-judgment interest, attorneys' fees, and costs. (Doc. 15 at 9, 11.)

Plaintiff filed the Complaint initiating this civil action on May 29, 2024. (Doc. 1.) She served Defendant Thomas Suites on June 6, 2024, through a registered agent (doc. 4) and Defendants New Life and James Demasi through U.S. standard and certified mail, as authorized by the Court, on September 12, 2024 (doc. 10, 11). Defendant Thomas Suites' deadline to answer or otherwise respond to Plaintiff's Complaint was June 27, 2024. (Doc. 7; Doc. at 15 at 2); *see* Fed. R. Civ. P. 12(a)(1)(A)(i). Defendants New Life and Demasi's deadline to answer or otherwise respond to the Complaint was October 3, 2024. (Doc. 10, 11; Doc. 15 at 2.) No Defendant appeared to defend the case, and Plaintiff applied to the Clerk of Court for Entry of Default as to all Defendants on October 5, 2024. (Doc. 12.) The Clerk entered default against all Defendants on October 9, 2024. (Doc. 13.) Plaintiff then filed this Motion for Default Judgment. (Doc. 15.)

---

[2] Plaintiff alleges Defendants James and Jane Doe Demasi "caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable." (Doc. 1 at 5.) Plaintiff appears to have named James Demasi's spouse because, "[U]nder Arizona law, spouses must be sued jointly in order to reach assets of community property." *R. Prasad Indus. v. Flat Irons Env't Sols. Corp.*, No. CV 12-8261-PCT-JAT, 2013 WL 2217831, at *5 (D. Ariz. May 20, 2013) (citations omitted).

**II.   Motion for Default Judgment.**

    **A. Legal Standard.**

Federal Rule of Civil Procedure 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). After a party's default has been entered, the district court has discretion to grant default judgment against that party. *See* Fed. R. Civ. P. 55(b)(2); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

When evaluating a motion for default judgment the district court "has an affirmative duty to look into its jurisdiction over both the subject matter and the parties." *Tuli v. Republic of Iraq*, 172 F. 3d 707, 712 (9th Cir. 1999) ("[T]o avoid entering a default judgment that can later be successfully attacked as void, a court should determine whether it has the power, *i.e.*, the jurisdiction, to enter the judgment in the first place.").

After establishing its jurisdiction, the court must consider whether default judgment is proper under the *Eitel* factors. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Specifically, a court should consider:

    (1) the possibility of prejudice to the plaintiff[;]

    (2) the merits of plaintiff's substantive claim[;]

    (3) the sufficiency of the complaint[;]

    (4) the sum of money at stake in the action;

    (5) the possibility of a dispute concerning material facts;

    (6) whether the default was due to excusable neglect[;] and

    (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Id.* When applying the *Eitel* factors, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977).

    **B. Discussion.**

**1. Jurisdiction.**

"When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties." *Tuli*, 172 F.3d at 712. Plaintiff asserts claims arising under the FLSA, AMWA, and AWA. (Doc. 1.) The Court has subject matter jurisdiction over claims arising from federal law, including the FLSA, pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq.* The Court exercises supplemental jurisdiction over Plaintiff's state law claims because they are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy[.]" 28 U.S.C. § 1367(a).

Venue and personal jurisdiction requirements are also satisfied. Defendant Thomas Suites was served by registered agent (doc. 4), and Defendants New Life and James Demasi were served by U.S. standard and certified mail to a business address associated with both Defendants. (Doc. 8; Doc. 9 at 2.)[3] Plaintiff alleges "Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district." (Doc. 1 at 3.) Plaintiff further alleges that both the individual and entity Defendants constitute "a single enterprise," under the FLSA, 29 U.S.C. § 203(r)(1), insofar as they "perform related activities through unified operation and common control for a common business purpose; namely, the operation of a transitional living facility for formerly incarcerated, recently released individuals in Maricopa County, Arizona." (Doc. 1 at 6.)

Accordingly, service is complete, and the Court has personal jurisdiction of the parties and subject matter jurisdiction over the causes of action.

//

**2. *Eitel* Factors.**

---

[3] The Court authorized alternative service, upon Plaintiff's motion, after concluding traditional service was impracticable, and that the alternative service Plaintiff proposed was reasonably calculated to apprise Defendants New Life and James Demasi of the pendency of the action. (Doc. 9 at 2, citing *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002)).

Having determined that the Court has jurisdiction, the Court will now examine whether entry of default judgment is proper under the *Eitel* factors.

### a. The First, Fifth, Sixth, and Seventh *Eitel* factors.

When Defendants have not responded or participated in the litigation, the "first, fifth, sixth, and seventh [*Eitel*] factors are easily addressed." *Zekelman Industries Inc. v. Marker*, No. CV-19-02109-PHX-DWL, 2020 WL 1495210, at *3 (D. Ariz. March 27, 2020).

The first factor weighs in favor of default judgment because denying Plaintiff's Motion for Default will leave her "without other recourse for recovery," *PepsiCo, Inc. v. Cal. Security Cans.*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002), and would prejudice her because she would lose the right to a "judicial resolution" of her claims. *Elektra Entertainment Group, Inc. v. Crawford*, 226 F.R.D. 388, 392 (C.D. Cal. 2005)).

The fifth factor weighs in favor of default judgment because the facts pleaded in the complaint are taken as true. *PepsiCo*, 238 F. Supp. 2d at 1177. Because the factual allegations are taken as true, there is no "genuine dispute of material facts" to preclude granting a motion for default judgment. *Id.* (citations omitted).

The sixth factor inquires as to whether the default was due to excusable neglect. *Eitel*, 782 F.2d at 1472. Here, Defendants' failure to participate after being served does not support a finding of excusable neglect. *See Twentieth Century Fox Film Corp. v. Streeter*, 438 F. Supp. 2d 1065, 1071-72 (D. Ariz. 2006) (finding it unlikely that a personally served defendant failing to answer and a resulting default were the result of excusable neglect).

The seventh *Eitel* factor favoring decisions on the merits generally weighs against default judgment, but "the mere existence of [Rule] 55(b) indicates that 'this preference, standing alone, is not dispositive[.]'" *PepsiCo*, 238 F. Supp. 2d at 1177. Thus, the preference favoring a decision on the merits does not preclude the entry of default judgment in this case. *Warner Bros. Entertainment Inc. v. Caridi*, 346 F. Supp. 2d 1068, 1073 (C.D. Cal. 2004). Courts have concluded that "this factor does not weigh very heavily" and that this factor "standing alone, cannot suffice to prevent entry of default judgment for

otherwise default judgment could never be entered." *Id.* The first, fifth, sixth, and seventh *Eitel* factors weigh in favor of default judgment.

### b. The Second and Third *Eitel* Factors.

The second and third *Eitel* factors are the merits of the plaintiff's substantive claim and the sufficiency of the complaint, respectively. *Eitel*, 782 F.2d at 1471. These factors are "often analyzed together and require courts to consider whether a plaintiff has stated a claim on which [she] may recover." *Vietnam Reform Party v. Viet Tan-Vietnam Reform Party*, 416 F. Supp. 3d 948, 962 (N.D. Cal. 2019). The Court must first examine Plaintiff's and Defendants' employer-employee status as alleged in the Complaint.

The FLSA defines an "employee" as "any individual employed by an employer." 29 U.S.C. § 203(e)(1). It defines an "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee[.]" *Id.* § 203(d). The Court finds that Plaintiff was an employee, and that Defendants were employers, as those terms are used under the FLSA.

Plaintiff alleges Defendants owned Thomas Suites and New Life, which are transitional living facilities in Maricopa County, Arizona for individuals recently released from prison. (Doc. 1 at 8.) Plaintiff alleges Defendants supervised her, controlled her work schedule and "conditions of employment," determined her pay, and maintained records of her employment. (*Id.* at 4-5.) These allegations, accepted as true, support the conclusion that Defendants employed Plaintiff.

Like the FLSA, the AMWA describes an "employee" as "any person who is or was employed by an employer[.]" A.R.S. § 23-362(A). It defines an "employer" as "any corporation, proprietorship, partnership, joint venture, limited liability company, trust, association, political subdivision of the state, individual or other entity acting directly or indirectly in the interest of an employer in relation to an employee[.]" A.R.S. § 23-362(B). Since the definition of an employee is the same under both the FLSA and AMWA, the Court's analysis of the Plaintiff's employee status under the FLSA applies to the AMWA claim. The Court finds that Plaintiff was an employee of Defendants, and that Defendants

employed Plaintiff, as those terms are used under the AMWA.

Like the FLSA and AMWA, the AWA defines an "employee" as "any person who performs services for an employer under a contract of employment either made in this state or to be performed wholly or partly within this state." A.R.S. § 23-350(2). The AWA defines "employer" as "any individual, partnership, association, joint stock company, trust or corporation, the administrator or executor of the estate of a deceased individual or the receiver, trustee or successor of any of such persons employing any person." A.R.S. § 23-350(3). The Court's prior reasoning as to Plaintiff's employee status applies to the AWA claim. It is also clear that Defendants Thomas Suites and New Life are employers under the AWA. The Demasi Defendants, however, are not employers under the AWA. *Rosen v. Fasttrak Foods LLC*, No. CV-19-05292-PHX-DWL, 2021 WL 2981590, at *5 (D. Ariz. July 15, 2021) ("This statutory definition [of 'employer' under the AWA] does not[ ]authorize individual liability against the owners, officers, and directors of a corporate employer in a case where the claim is for the employer's wholesale failure to pay wages."); *Rios v. Lux Interior & Renovation LLC*, No. CV-23-01686-PHX-DJH, 2025 WL 871021, at *8 n. 1 (D. Ariz. Mar. 20, 2025) ("[T]he definition of employer under the AWA[] precludes liability for individual Defendants."). Defendants Thomas Suites and New Life are employers, and Plaintiff was their employee, under the AWA, but the Demasi Defendants are not employers under the AWA.

Plaintiff argues she is entitled to unpaid wages, including minimum wages, under the FLSA, AMWA, and AWA. (Doc. 1 at 11-15.) Because the Court accepts these allegations as true, *Geddes*, 559 F.2d at 560, and finds that Defendants are employers and Plaintiff was an employee of Defendants, Plaintiff "has stated a claim on which [s]he may recover." *Vietnam Reform Party*, 416 F. Supp. 3d at 962. The second and third *Eitel* factors support default judgment.

### c. The Fourth *Eitel* Factor.

The fourth *Eitel* factor considers "the amount of money at stake in relation to the seriousness of Defendant's conduct." *PepsiCo*, 238 F. Supp. 2d at 1176. "If the sum of

money at stake is completely disproportionate or inappropriate, default judgment is disfavored." *Twentieth Century Fox Film Corp.*, 438 F. Supp. 2d at 1071.

The Plaintiff seeks unpaid wages, including minimum wages, she is owed under the FLSA, AMWA, and AWA. (Doc. 1 at 15.) Plaintiff is requesting $18,000 plus post-judgment interest and attorneys' fees and costs. (Doc. 15 at 11.) The Court finds the amount requested is reasonable and not disproportionate to the harm alleged. The Court finds the fourth *Eitel* factor weighs in favor of default judgment.

Overall, the Court finds that the *Eitel* factors weigh in favor of entering default judgment against Defendants.

### 3. Damages.

Having found that entry of default judgment is proper under the *Eitel* factors, the Court will turn to the issue of damages. The Court does not accept allegations of damages as true, *Geddes*, 559 F.2d at 560, *see also TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987), but may rely on declarations submitted by the plaintiff in determining damages. *Tolano v. El Rio* Bakery, No. CV-18-00125-TUC-RM, 2019 WL 6464748, at *6 (D. Ariz. Dec. 2, 2019) (citing *Phillip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003)). Plaintiffs have the burden of "proving up" damages, and "if the facts necessary to determine damages are not contained in the complaint, or are legally insufficient, they will not be established by default." *Phillip Morris USA, Inc*, 219 F.R.D. at 498.

Plaintiff's declaration establishes she was employed by Defendants as a food and beverage server from approximately April 23, 2023, to April 23, 2024, and that Defendants paid her $20 per hour, but that she was not paid over the final 12 weeks of her employment, which amounts to approximately 300 hours of unpaid work. (Doc. 15-1 at 3.) She calculates her unpaid federal minimum wages are $2,175, or $7.25 times 300 unpaid hours. (*Id*.) Plaintiff requests an additional, equal amount in liquidated damages, bringing her damages for unpaid federal minimum wages to $4,350. (Doc. 15 at 8-9, citing *Chao v. A-One Med.*

*Servs., Inc.*, 346 F.3d 908, 919–20 (9th Cir. 2003)).[4]

Plaintiff calculates her unpaid Arizona minimum wages are $4,305, or $14.35 x 300 unpaid hours. (*Id.*)[5] Under state law, this amount is trebled. (Doc. 15 at 8, citing A.R.S. § 23-364(G) ("Any employer who fails to pay the wages or earned paid sick time required under this article shall be required to pay the employee the balance of the wages or earned paid sick time owed, including interest thereon, and an additional amount equal to twice the underpaid wages or earned paid sick time.")). Plaintiff's unpaid Arizona minimum wage damages are $12,915 ($4,305 x 3). (Doc. 15 at 9.)

Plaintiff also seeks trebled unpaid wages under the AWA. (Doc. 15 at 9, citing A.R.S. § 23-355). The amount is comprised of $6,000 in unpaid wages (Plaintiff's $20 hourly wage multiplied by 300 unpaid hours) trebled, for a total of $18,000 ($6,000 x 3). (Doc. 15 at 9). This amount engulfs Plaintiff's federal minimum wage damages ($4,350) and Arizona minimum wage damages ($12,915). (Doc. 15 at 9.) Plaintiff requests that Defendants Thomas Suites, New Life, and James Demasi be held jointly and severally liable for $12,915 of the proposed $18,000 award, which is equivalent to Plaintiff's

---

[4] Plaintiff's approximation of the total number of unpaid hours worked, corroborated in her declaration, is sufficient to establish that fact under these circumstances. In *Anderson v. Mt. Clemens Pottery Co.*, the Supreme Court concluded, "In such a situation [where the employer's records of employment are inaccurate or inadequate,] we hold that an employee has carried out his burden [under the FLSA] if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence." 328 U.S. 680, 687-88 (1946), *superseded by statute on other grounds*; *Senne v. Kansas City Royals Baseball Corp.*, 934 F.3d 918, 939 (9th Cir. 2019) ("*Mt. Clemens* explicitly rejected the notion that allowing approximate damages in such situations would be unfair due to its speculative and imprecise nature . . . ."); *Ader v. SimonMed Imaging Inc.*, 465 F. Supp. 3d 953, 964 (D. Ariz. 2020) ("Plaintiffs admit they can only estimate the amount of overtime worked. However, estimates are not fatal. They are expected, and frequently relied upon in cases where the employer failed to keep accurate time of an employee's hours.").

[5] Plaintiff's declaration includes an apparent mathematical error in her state minimum wages calculation: "$4,305 ($14.35 * 630)." (Doc. 15-1 at 3.) This is remedied by multiplying Arizona's minimum wage in 2024, $14.35 per hour, *Salgado v. Synergy Payment Sols. Inc.*, No. CV-24-00523-PHX-DWL, 2024 WL 4492467, at *3 (D. Ariz. Oct. 15, 2024), by the number of unpaid hours Plaintiff alleges working.

Arizona minimum wage damages. (Doc. 15 at 9.)[6] Plaintiff requests that Defendants Thomas Suites and New Life be held jointly and severally liable for the remaining $5,085 in total unpaid wages. (*Id*. at 10.) Plaintiff further requests post-judgment interest under 28 U.S.C. § 1961 and attorneys' fees and costs. (*Id*.)

The Court finds that Plaintiff's requested relief reflects her statutory entitlement and is supported by her Declaration. (Doc. 15-1 at 14-16.)

### III.   Conclusion and Recommendation

Having reviewed Plaintiff's Motion and the underlying documents in the record, the Court finds that the *Eitel* factors weigh in favor of granting default judgment in favor of Plaintiff for the requested amount.

Accordingly,

**IT IS RECOMMENDED** that the Plaintiff's Motion for Default Judgment (doc. 15) be **GRANTED**;

**IT IS FURTHER RECOMMENDED** that Plaintiff be awarded $18,000.00 against Defendants Thomas Suites and New Life, jointly and severally, plus post-judgment interest at the applicable statutory rate;

**IT IS FURTHER RECOMMENDED** that Defendants Thomas Suites, New Life, and James Demasi be held liable, jointly and severally, for $12,915 of that amount;

**IT IS FURTHER RECOMMENDED** Plaintiff be permitted to file a motion for attorneys' fees in due course.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have 14 days from the date of service of a copy of this Report and Recommendation within which to file specific written objections with the Court. *See* 28

---

[6] As discussed previously, the District of Arizona has held that employers may be individually liable under both the FLSA and the AMWA but are excluded under the AWA. *See, e.g., Rosen*, No. 2021 WL 2981590, at *5; *Rios*, 2025 WL 871021, at *8 n. 1; *Nichol v. On Point Solar Power LLC*, No. CV-22-00031-PHX-SPL, 2022 WL 2159051 at *4 (D. Ariz. June 15, 2022). Accordingly, Defendant James Demasi is only liable for Plaintiff's FLSA and AMWA damages.

U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days within which to file a response to the objections. Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's Report and Recommendation. *See* Fed. R. Civ. P. 72.

Dated this 25th day of July, 2025.

Honorable John Z. Boyle
United States Magistrate Judge