1    **WO**

2

3

4

5

6                **IN THE UNITED STATES DISTRICT COURT**

7                    **FOR THE DISTRICT OF ARIZONA**

8

9    Joyce Faye Miles,                        No. CV-24-01286-PHX-SMM (JZB)

10                    Plaintiff,              **REPORT AND RECOMMENDATION**

11    v.

12    Thomas Suites Campus of Care LLC, et al.,

13                    Defendants.

14

15    **TO THE HONORABLE STEPHEN M. MCNAMEE, UNITED STATES DISTRICT**

16    **JUDGE**:

17            Pending before the Court is Plaintiff Joyce Faye Miles's "Motion for Award of

18    Attorneys' Fees and Costs Against All Defendants" ("Motion for Attorneys' Fees") (doc.

19    19). This Report and Recommendation is filed pursuant to LRCiv. 72.2, permitting a

20    magistrate judge to issue reports and recommendations in connection with "post judgment

21    proceedings[.]" LRCiv. 72.2(a)(16).

22            Plaintiff seeks an award of $17,990.71 in attorneys' fees in costs pursuant to the Fair

23    Labor Standards Act ("FLSA") and Arizona Minimum Wage Act ("AMWA"). (Doc. 19 at

24    1, 17.) Both statutes allow the prevailing party to recover attorneys' fees and costs. *See*

25    A.R.S. § 23-364(G); *see also* 29 U.S.C. § 216(b). In light of the Clerk of Court's entry of

26    Default Judgment (doc. 18), and because the sums requested are reasonable and supported

27    with the requisite documentation, the Court recommends **granting** Plaintiff's Motion for

28    Attorneys' Fees **with modifications** in the amount of attorneys' fees awarded and omission

1    of speculative collection costs.

2    **I.    Procedural Background**.

3          On May 29, 2024, Plaintiff filed suit against Defendants Thomas Suites Campus of
4    Care LLC, New Life Wellness Center LLC, and James Demasi.[1] (Doc. 1 at 1.) Plaintiff
5    alleged that Defendants violated the FLSA and AMWA when Defendants failed to pay
6    Plaintiff for her final 12 workweeks. (*Id.* at 1–2, 9.) Plaintiff served the three named
7    Defendants on June 25, 2024, September 20, 2024, and September 20, 2024, respectively.
8    *See* (docs. 7, 10, 11). Despite service, no Defendant litigated this matter, leading to Entry
9    of Default. *See* (doc. 13). Soon thereafter, Default Judgment was entered on August 27,
10   2025. *See* (doc. 18.) Plaintiff filed its Motion for Attorneys' Fees (doc. 19) in conjunction
11   with a LRCiv. 54.1 Bill of Costs (doc. 20) on September 10, 2025.

12   **II.    Legal Standard**.

13         Pursuant to Rule 54, a party may move for attorneys' fees and related non-taxable
14   expenses via motion that: (a) is filed within "14 days after the entry of judgment"; (b)
15   specifies the "grounds entitling the movant to the award"; (c) "state[s] the amount sought'
16   and (d) "disclose, if the court so orders, the terms of any agreement about fees for the
17   services for which the claim is made." Fed. R. Civ. P. 54(d)(2)(B); *see also* LRCiv. 54.2.

18         Here, the grounds entitling the movant to the award of attorneys' fees and costs are
19   the FLSA and AMWA. Under the FLSA, where an employer fails to pay an employee's
20   wages as required under 29 U.S.C. § 206, "[t]he court in such action shall, in addition to
21   any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be
22   paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). Under the AMWA,
23   where an "employer . . . fails to pay the wages . . . required under this article," the
24   "prevailing plaintiff shall be entitled to reasonable attorney's fees and costs of suit." A.R.S.
25   § 23-364(G). A party who prevails on default judgment is considered the prevailing party.

26
27   ---
[1]    Plaintiff's Complaint lists Jane Doe Demasi as a Defendant in this suit. (Doc. 1 at
1.) In light of this Court's Report and Recommendation (doc. 16), the District Court's
28   Adoption of the Report and Recommendation (doc. 17), and Entry of Default Judgment
(doc. 18)—all of which omit Jane Doe Demasi—the Court will omit Jane Doe Demasi in
its consideration of Plaintiff's Motion for Attorneys' Fees.

*See G&G Closed Cir. Events LLC v. Carbajal*, No. CV-20-00838-PHX-SPL, 2020 WL 6699485, at *1 (D. Ariz. Nov. 13, 2020) ("Parties prevailing on default judgment are still prevailing parties for the purposes of awarding attorneys' fees.").

In analyzing the reasonableness of requested attorneys' fees, the Court applies the Lodestar method. *See Puente Arizona v. Penzone*, No. CV-14-01356-PHX-DGC, 2017 WL 4805116, at *1 (D. Ariz. Oct. 25, 2017). The Lodestar method is a two-step process whereby the court first "multiplies the number of hours reasonably expended on a case by a reasonable hourly rate." *Roberts v. City of Honolulu*, 938 F.3d 1020,1023 (9th Cir. 2019) (cleaned up). "Second, the court determines whether to modify the lodestar figure, upward or downward, based on factors not subsumed in the lodestar figure." *Kelly v. Wengler*, 822 F.3d 1085, 1099 (9th Cir. 2016).

The reasonable hourly rate is assessed by "the prevailing market rate in the relevant community." *Id.* To obtain an award of attorneys' fees and costs, the prevailing party must file a motion for fees and submit evidence in support of the proposed award. *Machowski v. 333 N. Placentia Prop.*, LLC, 38 F.4th 837, 841 (9th Cir. 2022). In determining the reasonably hourly rate, the Court is not guided by the hours charged by the prevailing party's attorney, but is rather "guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210–11 (9th Cir. 1986), *opinion amended on denial of reh'g*, 808 F.2d 1373 (9th Cir. 1987) (citing *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984)).

The number of hours considered in the Lodestar calculus is not limited to those hours expended up to a favorable judgment. Rather, "[i]n statutory fee cases, federal courts, including our own, have uniformly held that time spent in establishing the entitlement to and amount of the fee is compensable." *In re Nucorp Energy, Inc.*, 764 F.2d 655, 659–60 (9th Cir. 1985). This includes FLSA actions. *See Gary v. Carbon Cycle Ariz. LLC*, 398 F. Supp. 3d 468, 479 (D. Ariz. 2019) ("Indeed, courts within the Ninth Circuit have awarded attorneys' fees to prevailing plaintiffs in FLSA actions for the costs incurred in preparing

1   their motions for attorneys' fees.").

2       "[I]n appropriate cases, the district court may judge the 'presumptively reasonable'

3   lodestar figure based upon the factors listed in *Kerr v. Screen Extras Guild, Inc.* . . . that

4   have not been subsumed in the lodestar calculation." *Intel Corp. v. Terabyte Int'l, Inc.*, 6

5   F.3d 614, 622 (9th Cir. 1993). The *Kerr* factors are:

6           (1) the time and labor required, (2) the novelty and difficulty of the questions
7           involved, (3) the skill requisite to perform the legal service properly, (4) the
            preclusion of other employment by the attorney due to acceptance of the case,
8           (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time
            limitations imposed by the client or the circumstances, (8) the amount
9           involved and the results obtained, (9) the experience, reputation, and ability
10          of the attorneys, (10) the 'undesirability' of the case, (11) the nature and
            length of the professional relationship with the client, and (12) awards in
11          similar cases.

12

13  *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975), *abrogated on other*

14  *grounds by City of Burlington v. Dague*, 505 U.S. 557 (1992).[2]

15  **III.    Discussion**.

16      In the case at hand, Plaintiff's attorney was hired on a 40% contingency fee basis,

17  not on an hourly basis. *See* (doc. 19-1 at 3); *see also* (doc. 19 at 4.) Plaintiff's attorney is

18  requesting an hourly rate of $445. (Doc. 19 at 4.) In total, Plaintiff's attorney has spent 21.2

19  hours on this action. (*Id.* at 6.) This equates to $9,434 incurred. (*Id.*) Additionally,

20  Plaintiff's attorney is seeking $678.57 in out-of-pocket costs, and $7,878.14 "in attorneys'

21  fees and costs to be incurred in potential collection efforts[.]" (*Id.*) In total, Plaintiff's

22  attorney is seeking $17,990.71 in attorneys' fees and costs. (*Id.*)

23      The Court finds that the hours billed and the hourly rate requested is *presumptively*

24  *reasonable* in light of the District of Arizona's precedent.[3] *See Ubinger v. Urb.*

25  *Housekeeping LLC*, No. CV-23-01802-PHX-ROS, 2024 WL 3045303, at *3 (D. Ariz. June

26  ───────────
    [2]     Local Rule 54.2(c) adds an additional factor to the list, namely, "Any other matters
27  deemed appropriate under the circumstances." LRCiv. 54.2(c)(3)(M).
    [3]     Additionally, the Court notes that Plaintiff's Motion for Attorneys' Fees (doc. 19)
28  and Bill of Costs (doc. 20) were filed within 14-days of Entry of Default Judgment.
    Accordingly, both documents are timely. *See* LRCiv. 54.1(a); see also LRCiv. 54.2(b)(2);
    Fed. R. Civ. P. 54(b)(2)(B)(i).

18, 2024) (finding that a 24.2 hours worked at $445, for a total of $10,769.00 was presumptively reasonable) (emphasis added). However, this preliminary finding does not end the Court's analysis. Rather, because the Court finds the Lodestar figure presumptively reasonable, it will need to address Plaintiff's request in light of the *Kerr* factors. Thereafter, the Court will address Plaintiff's request for out-of-pocket costs and presumptive collection effort costs.

A. *Reasonableness of Requested Attorneys' Fees*.

The Court will address each individual *Kerr* reasonableness factor below.

1. Time and Labor.

Plaintiff represents that her counsel expended 21.2 hours on this action. (*Id.* at 6.) The Court finds no issue with the tenth of an hour time increment counsel uses. *See* (doc. 19-4 at 2–3.) However, the Court will excise several time entries as they are administrative or clerical tasks.

"Attorneys' fees should not be given for the performance of administrative tasks which could and should be performed by secretarial or paralegal staff." *Gary*, 398 F. Supp. 3d at 487. Administrative or clerical tasks include: (a) sending and receiving a representation agreement; (b) gathering documents to send to process server; and (c) filing notice that service was executed, to name a few. *See Avila v. JBL Cleaning LLC*, No. CV-23-00398-PHX-DJH, 2025 WL 755421, at *2 (D. Ariz. Mar. 10, 2025) (excising those delineated activities from counsel's total hours worked).

Here, counsel's timesheet contains several activities that falls squarely under the administrative or clerical banner. Those activities are:

- Send representation agreement (0.1 hours);
- Receive signed agreement, create file (0.1 hours);
- Send complaint to client for review and signature (0.1 hours);
- Receive signed complaint (0.1 hours);
- Compile case documents, send to process server (0.3 hours);
- Email thread with process server regarding case (0.2 hours);
- Email from process server regarding service executed (0.1 hours);
- Draft, file Magistrate Consent form (0.3 hours);

- 5 -

- Review Party Agrees to Magistrate Judge Jurisdiction (0.1 hours);
- Two entries noting counsel filed service execution notices (0.2 hours);
- Finalize, file motion for alternative service (0.1 hours);
- Two send motion to Chambers entries (0.2 hours);
- Finalize, file application for entry of default (0.1 hours);
- Send, receive signed declaration from client (0.1 hours);
- Finalize, file motion for default judgment (0.1 hours); and
- Finalize, file motion for attorneys' feels and costs (0.1 hours).

*See* (doc. 19-4 at 2–3.)

The Court recommends these entries be excised from the total hours billed. Such omission would be in-line with the District of Arizona's precedent. *See Avila*, 2025 WL 755421, at *2; *see also Romero v. Synergy Restoration LLC*, No. CV-24-01602-PHX-MTL, 2025 WL 509259, at *3 (D. Ariz. Feb. 14, 2025) (excising substantially the same list of billed errors). This brings the total hours incurred to **18.9 hours**.

2.  Novelty and Difficulty of the Questions Involved.

Because this action resulted in default judgment, there were few—if any—novel or challenging questions incurred. Additionally, Plaintiff notes that the legal issues "were not novel in this jurisdiction . . . . [and t]his was a straightforward claim[.]" (Doc. 19 at 7.) This factor is accordingly neutral and does not result in any modification of the Lodestar amount. *See Ubinger*, 2024 WL 3045303, at *3 ("This case involved a straightforward claim that comes reasonably often before this Court. This factor is neutral.") (cleaned up).

3.  Skill Requisite to Perform the Legal Service Properly.

Plaintiff contends that while FLSA suits are "otherwise straightforward [in] nature," that the "legal issues raised by this . . . action were sophisticated and required extensive knowledge of the law." (Doc. 19 at 8.) The Court is unconvinced. Rather, "[t]he Court finds it takes a moderate amount of skill to litigate FLSA cases." *Verduzco v. Value Dental Ctrs. Mesa W. AZ LLC*, No. CV-20-02380-PHX-DJH, 2022 WL 2718163, at *2 (D. Ariz. July 12, 2022).

4.  Preclusion of Other Employment.

Plaintiff states that counsel "was not significantly precluded from other work

because of this representation." (Doc. 19 at 8.)

   5. <u>Customary Fee</u>.

   Plaintiff asserts that the $445-an-hour fee is reasonable. (*Id.*) In light of the District of Arizona's precedent, the Court agrees. *See, e.g.*, *Romero*, 2025 WL 509259, at *3 ("Counsel asserts that his hourly rate of $445.00 is reasonable[.] The Court agrees.") (citing *Romero v. Steel Roots LLC*, No. CV-23-01033-PHX-ROS, 2024 WL 2389353, at *2 (D. Ariz. May 23, 2024) ("The Court finds the prevailing rates for FLSA cases in the District of Arizona and Mr. Bendau's experience support the requested hourly rate. The Court finds the $445 hourly rate reasonable.")).

   6. <u>Whether the Fee is Fixed or Contingent</u>.

   Plaintiff notes that the representation agreement between Plaintiff Joyce Faye Miles and Clifford Bendau was on a contingency fee. (Doc. 19 at 8.) Additionally, Plaintiff asserts that because this was a contingency fee agreement, that the Court may increase counsel's hourly rate. (*Id.* at 9.) "The Court acknowledges that agreeing to a contingency fee basis of representation supports the potential for a larger award of attorneys' fees." *Lemus v. Blackrock CM Inc.*, No. CV-24-02561-PHX-JAT, 2025 WL 460548, at *3 (D. Ariz. Feb. 11, 2025) (citing *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008)).

   7. <u>Time Limitation Imposed</u>.

   Plaintiff states that "[t]here was no time limitation imposed by either the client or the circumstances." (Doc. 19 at 10.) Accordingly, this factor is of minimal weight in reasonableness inquiry. *See Lemus*, 2025 WL 460548, at *3.

   8. <u>The Amount Involved and Results Obtained</u>.

   "Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee." *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983). Plaintiff's counsel claims that "he has obtained excellent results and has assisted Plaintiff in recovering well in excess of the total amount in unpaid wages that Defendants owed her." (Doc. 19 at 11.) This factor, and the results received, "weighs in favor of awarding the full lodestar

amount." *Ubinger*, 2024 WL 3045303, at \*3.

       9.  <u>Experience, Reputation, and Ability of the Attorney</u>.

Plaintiff's counsel asserts that he is an experienced attorney in FLSA suits. *See* (doc. 19 at 11–12.) The Court acknowledges counsel's experience in FLSA matters.

      10. <u>The Undesirability of the Case</u>.

Plaintiff's counsel asserts that this case was undesirable because of "the speculative amount of available fees, the opportunity cost of taking on a matter that did not result in payment, and the possibility of expending costs for filing and service that would have been lost in the event of non-recovery all contributed to the risk involved." (doc. 19 at 12.) While the Court agrees that this case was undesirable, "this factor does not justify an adjustment to the lodestar amount." *Ubinger*, 2024 WL 3045303, at \*3.

      11. *The Nature and Length of the Professional Relationship with the Client*.

Plaintiff notes that this is the only instance counsel has represented her. *See* (doc. 19 at 12.) This factor is accordingly neutral. *See, e.g.*, *Ubinger*, 2024 WL 3045303, at \*3 ("Mr. Bendau has never represented Plaintiff before this case. This factor is neutral.").

      12. <u>Awards in Similar Cases</u>.

Plaintiff asserts that the amount of attorneys' fees requested is reasonable. Considering this District of Arizona's precedent, the Court agrees. *See Id.* at \*4 (granting $10,769.00 in attorneys' fees); *see also Delgado v. Fast Wireless LLC*, No. CV-24-00203-PHX-JAT, 2025 WL 40761, at \*4 (D. Ariz. Jan. 7, 2025) (granting $8,588.50 in attorneys fees').

      13. <u>Conclusion Based on *Kerr* Reasonableness Factors</u>.

For the foregoing reasons, the Court finds Plaintiff's requested attorneys' fees to be reasonable with modification. Accordingly, the Court **recommends** that the attorneys' fees award be reduced to **$8,410.50**.

    *B.*  *Out-of-Pocket Costs*.

Plaintiff seeks $687.57 in out-of-pocket costs.[4] (Doc. 19 at 6.) This includes $405

---

[4]     The Court notes that Plaintiff appears to misstate the amount of out-of-pocket costs requested. See (Doc. 19 at 13) ("Plaintiff's Counsel seek reimbursement of actual litigation

1   in fees of the Clerk and $273.57 in fees for service of summons and subpoena. (Doc. 20 at

2   1.) These amounts are taxable costs, and accordingly, Plaintiff must comply with LRCiv.

3   54.1 to receive them. *See* LRCiv. 54.1(a), (e)(1). Seeing that Plaintiff filed a Bill of Costs

4   within the 14-day deadline, the Court **recommends** Plaintiff be awarded out-of-pocket

5   costs in the amount of **$687.57**.

6       *C. Prospective Collection Costs.*

7          Plaintiff also seeks $7,878.14 "in attorneys' fees and costs to be incurred in potential

8   collection efforts[.]" (Doc. 19 at 6.) This includes an $850 retainer, plus 25% of the

9   recovery for collections efforts, which is estimated to amount $7,028.14. (*Id.* at 16.) In

10  support of this request, Plaintiff files an exhibit containing counsel's Client Representation

11  Agreement regarding collections matters and a photocopy of a check paying the $850

12  retainer. *See* (doc. 19-8); *see also* (doc. 19-9.)

13         While the Court understands that these fees are necessary to recover from

14  Defendants, it does not agree that a $7,878.14 award is warranted at this time. While

15  Plaintiff attaches a few cases out of the District of Arizona stating that such speculative

16  costs are recoverable, *see generally* (doc. 19-3), those decisions appear to run afoul of the

17  majority of this District's prior decisions. *See Romero*, 2025 WL 509259, at *5 ("The Court

18  finds this request speculative because anticipated collection costs simply are not ripe for

19  award."); *see also Steel Roots LLC*, 2024 WL 2389353, at *4 ("The Court recognizes

20  Plaintiff may well need to pay the $650 retainer and 25% of the recovery for collection

21  efforts, but these fees and costs are not ripe to recover before Plaintiff incurs them.");

22  *Lemus*, 2025 WL 460548, at *4 ("Plaintiff seeks $3,201.06 in anticipated collection

23  expenses[.] Plaintiff concedes that the District of Arizona frequently denies such requests[.]

24  In fact, this Court has specifically denied such requests."); *Ubinger*, 2024 WL 3045303, at

25  *4 ("But costs that Plaintiff has not yet incurred, and may never incur, still qualify as

26  "speculative.").

27
28  expenses in the amount of $707.61."). This is not the first mistake the Court has caught in
    Plaintiff's motion. The Court recommends that for future motions for attorneys' fees and
    costs, Plaintiff double-check the total dollar amounts requested before submitting recycled
    motions for attorneys' fees and costs.

Therefore, the Court finds an advance award of anticipated collections costs inappropriate. However, as Plaintiff has already expended $850 for the retainer, the Court **recommends** awarding **$850** in collection costs already expended.

Accordingly,

**IT IS RECOMMEDED** that Plaintiff's Motion for Award of Attorneys' Fees and Costs Against All Defendants (doc. 19) be **GRANTED WITH MODIFICATIONS**.

**IT IS FURTHER RECOMMENDED** that Plaintiff receive attorneys' fees in the amount of **$8,410.50**.

**IT IS FURTHER RECOMMENDED** that Plaintiff receive out-of-pocket costs in the amount of **$687.57**.

**IT IS FURTHER RECOMMENDED** that Plaintiff receive **$850** in collection costs already expended.

**IT IS FURTHER RECOMMENDED** that Plaintiff's Motion for Award of Attorneys' Fees and Costs Against All Defendants (doc. 19) be **DENIED** in all other respects.

//
//
//
//
//
//
//
//
//
//
//
//
//

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have 14 days from the date of service of a copy of this Report and Recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days within which to file a response to the objections.

Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's Report and Recommendation. *See* Fed. R. Civ. P. 72.

Dated this 3rd day of November, 2025.

Honorable John Z. Boyle
United States Magistrate Judge