**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joyce Faye Miles,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Thomas Suites Campus of Care LLC, et al.,<br><br>　　　　Defendants. | No. CV-24-01286-PHX-SMM (JZB)<br><br>**ORDER** |

This matter was assigned to Magistrate Judge John Z. Boyle. (Doc. 6). On November 03, 2025, the Magistrate Judge filed a Report and Recommendation ("R&R") with this Court. (Doc. 21).[1] The Magistrate Judge has recommended that Plaintiff's Motion for Attorneys' Fees and Costs (Doc. 19) be granted with modifications. (Id.). Plaintiff filed

---

[1] This case is assigned to a Magistrate Judge. However, not all parties have consented to the jurisdiction of the Magistrate Judge. Thus, the matter is before this Court pursuant to General Order 21-25, which states in relevant part:

> When a United States Magistrate Judge to whom a civil action has been assigned pursuant to Local Rule 3.7(a)(1) considers dismissal to be appropriate but lacks the jurisdiction to do so under 28 U.S.C. § 636(c)(1) due to incomplete status of election by the parties to consent or not consent to the full authority of the Magistrate Judge,
>
> **IT IS ORDERED** that the Magistrate Judge will prepare a Report and Recommendation for the Chief United States District Judge or designee.
>
> **IT IS FURTHER ORDERED** designating the following District Court Judges to review and, if deemed suitable, to sign the order of dismissal on my behalf:
>
> Phoenix/Prescott: Senior United States District Judge Stephen M. McNamee

Objections (Doc. 22) to the R&R. After considering the R&R and the arguments raised in Plaintiff's Objections thereto, the Court modifies the R&R. (Doc. 21).

## STANDARD OF REVIEW

When reviewing a magistrate judge's report and recommendation, this Court "shall make a de novo determination of those portions of the report . . . to which objection is made" and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991). However, the relevant provision of the Federal Magistrates Act, 28 U.S.C. § 636(b)(1)(C), "does not on its face require any review at all . . . of any issue that is not the subject of an objection." Thomas v. Arn, 474 U.S. 140, 149 (1985); see also Wang v. Masaitis, 416 F.3d 992, 1000 n.13 (9th Cir. 2005) ("Of course, de novo review of a R & R is only required when an objection is made to the R & R."); United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("Neither the Constitution nor the [Federal Magistrates Act] requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct."). Likewise, it is well-settled that "failure to object to a magistrate judge's factual findings waives the right to challenge those findings." Bastidas v. Chappell, 791 F.3d 1155, 1159 (9th Cir. 2015) (quoting Miranda v. Anchondo, 684 F.3d 844, 848 (9th Cir. 2012)).

## DISCUSSION[2]

Plaintiff's counsel, Mr. Clifford Bendau II, requests a total of $17,990.71 in attorney fees and costs, comprising of $9,434.00 in attorney fees at an hourly rate of $445 for 21.2 hours of work, $678.57 in out-of-pocket costs, and $7,878.14 in anticipated collection costs. (Doc. 19). The Court agrees with the R&R that Mr. Bendau's hourly rate of $445 is reasonable and commensurate with Mr. Bendau's litigation experience. (Doc. 21 at 7). Further, the Court agrees that Plaintiff's $687.57 out-of-pocket costs comprising of the $405.00 filing fee and $273.57 service expenses are both reasonable and recoverable. (Id.

---

[2]The factual and procedural history of this case is set forth in the Magistrate Judge's Report and Recommendation (Doc. 21).

- 2 -

at 9-10). However, the Court finds Mr.Bendau's attorney fees and Plaintiff's anticipated collection costs are not reasonable.

The R&R recommended that the Court reduce Mr. Bendau's hours billed by 2.3, as several time entries are not recoverable as attorneys' fees. (Id. at 5-6). Mr. Benadu's timesheet includes 72 task entries, of which the R&R has recommended that 16 of those entries are administrative tasks. (Ibid.); (see Doc. 19-4 at 2–3.) "It simply is not reasonable for a lawyer to bill, at [his] regular hourly rate, for tasks that a non-attorney employed by [him] could perform at a much lower cost." Davis v. City of San Francisco, 976 F.2d 1536, 1543 (9th Cir. 1992), opinion vacated in part on other grounds on denial of reh'g, 984 F.2d 345 (9th Cir. 1993). "Attorneys' fees should not be given for the performance of administrative tasks which could and should be performed by secretarial or paralegal staff." Gary v. Carbon Cycle Ariz. LLC, 398 F. Supp. 3d 468, 487 (D. Ariz. 2019). The Court agrees that the administrative task entries should be excised from the total hours billed, which warrants a reasonable modification to Mr. Bendau's attorneys' fees. (Doc. 21 at 5-8). Further, the Court finds an additional task entry that falls squarely under administrative or clerical tasks. "Send docket to client (0.3 hours)[.]" (Doc. 19-4 at 2–3). Therefore, the Court finds a reasonable attorney's fees award of $8,277.00.

Plaintiff seeks $7,878.14 in "costs to be incurred in potential collection efforts[.]" (Doc. 19 at 6). Plaintiff states that Plaintiff's counsel has generally engaged the services of an outside law firm to assist with collection efforts and pays the outside law firm a $850 retainer and a 25% contingency fee on all amounts recovered. (Id. at 16). In Plaintiff's Motion, Plaintiff included Exhibit I, which is the counsel's Client Representation Agreement and a $850 retainer check. (See Doc. 19-8); (see also Doc. 19-9). The R&R recommended that the Court deny the $7,878.14 advance award of anticipated collection costs because it is inappropriate and speculative, however, the Court should award $850 in expended collection costs. (Doc. 21 at 9-10). Plaintiff clarifies to the Court that Exhibit I is exemplary only and no retainer has been paid in this matter. (See Doc. 22).

Having reviewed the legal conclusions of the R&R of the Magistrate Judge, and the

- 3 -

1  objections having been made by Plaintiff thereto, the Court finds that the Magistrate Judge
2  adequately addressed all of Plaintiff's arguments. Therefore, the Court hereby incorporates
3  and modifies the Magistrate Judge's Report and Recommendation. (Doc. 21).
4     Accordingly,
5     **IT IS ORDERED modifying** the Magistrate Judge's Report and Recommendation.
6  (Doc. 21).
7     **IT IS ORDERED granting in-part** Plaintiff's Motion for Award of Attorneys'
8  Fees and Costs Against All Defendants. (Doc. 19).
9     **IT IS FURTHER ORDERED awarding** Plaintiff $8,277.00 in attorneys' fees and
10 $687.57 in costs for a total of $8,964.57 against all Defendants.
11    **IT IS FURTHER ORDERED directing** the Clerk of Court to enter judgment
12 accordingly.
13    Dated this 19th day of November, 2025.

Stephen M. McNamee
Senior United States District Judge